IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHERMAN K. WALL,                )
                                )
            Petitioner,         )
                                )
      v.                        )    1:08CV434
                                )
THEODIS BECK,                   )
                                )
            Respondent.         )

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF MAGISTRATE JUDGE ELIASON**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 17, 2000, in the Superior Court of Richmond County, Petitioner pled guilty to second-degree murder and robbery with a dangerous weapon after having achieved the status of a violent habitual felon in cases 99 CRS 5826-27 and 00 CRS 6697. Pursuant to the terms of his plea bargain, he was then sentenced to two consecutive terms of life imprisonment without parole.

Petitioner did not file a direct appeal. However, on November 14, 2006, Petitioner prepared and submitted a motion seeking a stenographic transcript and a motion for appropriate relief in the Superior Court of Richmond County. The motion for appropriate relief did not succeed, but Petitioner pursued it through the North Carolina appellate courts, also without success. He then submitted the current habeas action, which is dated June 20, 2008 and was filed on June 26, 2008. The petition alleges that Petitioner's habitual felon indictment was defective, that he received

ineffective assistance of counsel, and that his right to be free from double jeopardy was violated.

Respondent has now filed a motion to have the petition dismissed for being filed out of time. (Docket No. 5.) Despite being advised of his right to file a response (Docket No. 7), Petitioner has not done so. The motion to dismiss is now before the Court for a decision.

## **Discussion**

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when a petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. Clay v. United

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

States, 537 U.S. 522 (2003); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). Where no direct appeal is filed, the conviction becomes final when the time for filing a notice of appeal expires. See Clay.

The one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999). For those petitioners whose conviction became final prior to the effective date of AEDPA, they have one year from that effective date, or to and including April 23, 1997, to file a Section 2254 petition. Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998).

The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's

-3-

control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d 1269. Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling. Akins, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. Pace, supra. Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman, 184 F.3d at 402.

Here, Petitioner's judgment was entered on November 17, 2000. Because he did not file a direct appeal, his conviction became final, at the latest, ten days later. N.C.R. App. P. 4(a)(later

amended to fourteen days). His one-year period to file a habeas petition then began to run. It expired a year later without Petitioner having filed his petition and without him having filed any document in the state courts which would have tolled the running of the one-year time period. In fact, Petitioner filed nothing for nearly six years. He also relies on no new laws or facts in making his claims. They are entirely based on events that were, or at least could have been, known to him at the time of his conviction. His petition was clearly filed out of time under § 2244(d). Further, Petitioner makes no argument in support of equitable tolling and no basis for granting any is apparent in the record. Petitioner has offered no explanation as to why he waited so long to bring his claims. His petition is time-barred, there are no grounds for equitable tolling, and Respondent's motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 5) be granted, that the habeas petition (Docket No. 2) be dismissed, and that Judgment be entered dismissing this action.

*/s/ Russell A. Eliason*
United States Magistrate Judge

November 24, 2008